# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**

        **Plaintiff,**

  v.                                      **Case No. 06-CR-118**

**JOHNNY L. RUFFIN**

        **Defendant.**

## ORDER

In this felon-in-possession case, I granted defendant's motion to suppress the firearm, <u>United States v. Ruffin</u>, No. 06-CR-118, 2006 U.S. Dist. LEXIS 61115 (E.D. Wis. Aug. 28, 2006), and the government now asks me to reconsider.[1] I find the government's argument unpersuasive and therefore deny its motion. I suppressed the firearm because the arresting officer lacked reasonable suspicion to believe that defendant was armed and dangerous, justifying a pat-down. Specifically, while the officer testified that he believed defendant may have been involved in an armed robbery, all of the available evidence indicated that defendant was a witness to the robbery rather than its perpetrator.

The government notes that when the officer stopped defendant, he had information that three robbers were involved, one of whom was a "BM [black male] 5'10" wearing unknown clothing." (Hr'g Ex. 1 at 2, 00:17:00 entry.) The government contends that this information is inconsistent with my finding that the officer "had received descriptions of the three robbers and none matched defendant." (Decision and Order [R. 30] at 5). However, the description of the third robber that the officer received <u>was</u> inconsistent with the information he had about defendant – that defendant reported the robbery, then left the

---

[1] I assume familiarity with the facts.

scene, and that he was a thirty-five year old, light-complexioned black male with a short Afro, wearing a yellow and black jacket – and gave the officer no reason to suspect that defendant was the third robber.

The government does not suggest that defendant fit the description of the third robber or that the officer could have reasonably suspected that he was the third robber. Rather, the government states that "the possibility that [defendant] was the third suspect cannot be discounted." (Govt.'s Mot. to Reconsider [R. 38] at 3.) However, the standard for a Terry pat-down is reasonable suspicion that the suspect is armed and dangerous. Officers cannot pat someone down just because it is theoretically possible that he is armed. Based on what he knew, the officer could not have had even a hunch that defendant was the third robber. Illinois v. Wardlow, 528 U.S. 119, 123-24 (2000) ("The officer must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity.") (internal quote marks omitted).

The government notes that defendant matched the description of a person seen running from the tavern after the robbery. But the government omits a critical detail – that defendant ran from the scene only after reporting the robbery to another citizen. As I stated in my decision, "It is extremely unlikely that a person who had just robbed a bar would immediately thereafter approach a stranger on the street and report the robbery." (Decision and Order at 5.) The government does not explain how an officer could reasonably assume that a person who committed a robbery (as opposed to a witness) would make such a report. Moreover, as the government correctly concedes, the pat down cannot be justified solely

because defendant may have matched the description of someone observed in the vicinity of the crime.[2]

The government argues that under the totality of the circumstances the officer's action was justified and points to the fact that the crime occurred late at night in a high crime area, that a person matching defendant's description ran from the tavern after the robbery, that within thirty-five minutes the officer located defendant, and that defendant turned and walked away. However, the government's summary of the circumstances again omits that defendant merely reported the robbery prior to leaving the scene. The government also notes that the officer did not have a complete description of the third robber. However, as discussed, the fact that the officer had only a partial description did not authorize him to reasonably assume that defendant was the third robber.

The government makes much of defendant's conduct upon seeing the officers, arguing that it was objectively suspicious of him to turn and walk in the other direction.[3] However, this argument confuses the standards governing <u>Terry</u> stops and <u>Terry</u> pat-downs. Courts have held that unexplained flight in a high crime area may provide reasonable suspicion for a stop. <u>See, e.g.</u>, <u>United States v. Lenoir</u>, 318 F.3d 725, 729 (7th Cir. 2003). In the present case, defendant did not contest the stop, only the pat-down. Once an officer has stopped a suspect, he may conduct a pat-down only if he has reason to believe he is dealing with an armed and dangerous individual. <u>United States v. Rivers</u>, 121 F.3d 1043, 1045 (7th Cir.

---

[2]Although the standard is objective, I note that the officer never claimed that he believed defendant was the third robber. Rather, he testified that "anyone running from the scene of a crime could be considered a suspect." (June 26, 2006 Hr'g Tr. at 25.) The government concedes that such a supposition cannot justify a <u>Terry</u> pat-down.

[3]"[M]en who are entirely innocent do sometimes fly from the scene of a crime through fear of being apprehended as the guilty parties, or from an unwillingness to appear as witnesses." <u>Alberty v. United States</u>, 162 U.S. 499, 511 (1896).

1997). The government has not identified any facts which gave the officer a basis for reasonably believing that defendant was armed and dangerous.[4] Nor does the government cite any cases holding that a mere attempt to avoid contact with police, prior to an order to stop, justifies a pat-down. It is undisputed that once the officer approached, defendant obeyed all his commands and did nothing to suggest that he was armed or dangerous. Nor did the officer make any observations of defendant's person suggesting that defendant was armed. (Decision and Order at 6.)[5]

Finally, the government argues that the applicable standard only required reasonable suspicion, not certainty, and the fact that defendant turned out to be a witness is irrelevant. However, defendant did not "turn out" to be a witness. The officer knew or should have known he was a witness before conducting the pat down. Thus, for the reasons set forth herein and in my August 28 decision, the officer lacked reasonable suspicion to believe that defendant was armed and dangerous. The suppression order stands.

**THEREFORE, IT IS ORDERED** that the government's motion to reconsider (R. 38) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of October, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[4] Curiously, the government states: "The threat posed by the armed robbery had long past." (Govt.'s Mot. to Reconsider at 4.) If the threat was over, it is difficult to see the justification for a pat-down.

[5] The government notes that, while one robber was reported to have a shotgun, the other robbers might have had handguns, which could more easily be concealed. The flaw in this argument is that it again supposes a basis for reasonably assuming that defendant was one of the robbers.